MDR

1

2  WO

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Luke Zion Yochai-Adams-Trimmer,          No.    CV-24-08138-PCT-JAT (JZB)

10                 Plaintiff,

11  v.                                        **ORDER**

12  Mohave County Sheriff, et al.,

13                 Defendants.

14

15        Self-represented Plaintiff Luke Zion Yochai-Adams-Trimmer, who is also known

16  as Zion Z. Kauffman, is confined in the Arizona State Prison Complex-Lewis.  On July 12,

17  2024, he filed a civil rights Complaint (Doc. 1).  He subsequently filed:

18        (1)    an August 6 Motion to Get Case Status (Doc. 4);

19        (2)    an  August  6  Application  to  Proceed  In  Forma
20               Pauperis (Doc. 5);

21        (3)    an August 23 Motion to Move as a Class Action (Doc. 7);

22        (4)    an August 23 Motion to Get Case Status (Doc. 8);

23        (5)    an August 30 Motion to Add Three Documents (Doc. 9);

24        (6)    a September 4 Motion to Add Document (Doc. 10);

25        (7)    a September 4 Motion to Add More Defendants (Doc. 11);

26        (8)    a September 4 "Motion for the Court to Order All Government
27               Offices, Courts, and Corporations to Send All Documents to
               the Attorney in Fact" (Doc. 13);

28        (9)    a September 5 Motion to Add More Plaintiffs (Doc. 12);

JDDL

(10)   a September 5 Motion to Add Document (Doc. 14);

(11)   a September 5 Motion to Add Three Documents (Doc. 15);

(12)   a September 10 Motion to Get an Injunction (Doc. 16); and

(13)   a September 17 Motion to Add Documents to Injunction Request (Doc. 17).

The Court will grant the Application to Proceed In Forma Pauperis and will grant the Motions to Get Case Status to the extent this Order provides Plaintiff with the status of this action.  The Court will dismiss the Complaint with leave to amend, deny the Motion to Move as a Class Action and the Motion to Add More Plaintiffs, deny as premature the Motion for the Court to Order, and deny as moot the Motion to Add More Defendants and the multiple Motions seeking to add documents.  Finally, the Court will strike the Motion to Get an Injunction and Motion to Add Documents to Injunction Request.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $16.62.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Motion to Add More Plaintiffs**

Plaintiff seeks to add multiple government agencies, a government employee, the President of Israel, "Ms. Cotton," and two corporations as plaintiffs to this action.  Although a non-lawyer may appear on his own behalf in his own case, a non-lawyer "has no authority to appear as an attorney for others."  *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).  Thus, the Court will deny Plaintiff's Motion to Add More Plaintiffs. . . . .

1   **III.     Motion to Move as a Class Action**

2          Plaintiff seeks to add six individuals "as a class action lawsuit against all part[ies]

3   listed" and requests the Court send Plaintiff the documents for those individuals "due to

4   [Plaintiff] filing all document[s]."

5          One prerequisite to maintaining a class action is that the "representative parties will

6   fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Although

7   Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons

8   in a class action. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer

9   had no authority to appear as an attorney for other persons in a purported class action);

10  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate

11  proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth

12  not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the

13  interests of the members of the 'class,' but also out of the long-standing general prohibition

14  against even attorneys acting as both class representative and counsel for the class."

15  *Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Thus, the Court will deny

16  Plaintiff's Motion to Move as a Class Action.

17  **IV.     Statutory Screening of Prisoner Complaints**

18         The Court is required to screen complaints brought by prisoners seeking relief

19  against a governmental entity or an officer or an employee of a governmental entity. 28

20  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff

21  has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

22  relief may be granted, or that seek monetary relief from a defendant who is immune from

23  such relief. 28 U.S.C. § 1915A(b)(1)–(2).

24         Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints . . . by

25  incarcerated persons shall be signed and legibly written or typewritten on forms approved

26  by the Court and in accordance with the instructions provided with the forms." Section 12,

27  Part C(1), of the instructions provides:

28                    Supporting Facts.    After you have identified which civil right
                      was violated, you must state the supporting facts. Be as

specific as possible.  You must state what each individual
defendant did to violate your rights. If there is more than one
defendant, you must identify which defendant did what act.
You also should state the date(s) on which the act(s) occurred,
if possible.

Likewise, the Supporting Facts section of each count of the court-approved form requires
plaintiffs to state the facts supporting each count and to: "Describe exactly what **each
Defendant** did or did not do that violated your rights.  State the facts clearly in your own
words without citing legal authority or arguments."

In the Supporting Facts section of each count, Plaintiff directs the Court and
Defendants to an attachment.[1]  This does not comply with the court-approved form and
instructions.  Moreover, Plaintiff's attachment is a rambling narrative that is not separated
by count.  The Court will not comb through the attachment to determine which allegations
support each claim.  *See Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009)
("Neither this Court nor the district court is required to parse the complaint searching for
allegations . . . that could conceivably form the basis of each of Appellants' claims."); *cf.
Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are
not like pigs, hunting for truffles buried in briefs."  (quoting *United States v. Dunkel*, 927
F.2d 955 (7th Cir. 1991))).

The Court will therefore dismiss without prejudice Plaintiff's Complaint, with leave
to amend, so Plaintiff can file an amended complaint on a court-approved form and in
accordance with the instructions provided with the form.

## V.    Leave to Amend

Within 30 days, Plaintiff may submit a first amended complaint on a court-approved
form.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first

---

[1] In Count One, Plaintiff states: "Count[s] 1, 2 and 3 are continued on Affidavit[.]
See Att[ach]ment[]s on Affidavit.  All other laws and case[] laws are in the back for Count
1, 2 and 3."  In Counts Two and Three, he states: "Count[s] 1, 2 and 4 are continued on
Affidavit[.]  See Att[ach]ment listed as B3 of 5."

amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff files an amended complaint, he should take note that judges are absolutely immune from suits under 42 U.S.C. § 1983 for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*,

435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff should also be aware that prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police).

Plaintiff should also take note that a prerequisite for any relief under § 1983 is a showing that the defendant has acted under the color of state law. However, an attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law.").

. . . .

## VI.   Motion to Add More Defendants

Because the Court has dismissed the Complaint, the Court will deny as moot Plaintiff's Motion to Add More Defendants.  If Plaintiff files an amended complaint, he can include additional Defendants in his amended complaint.

## VII.   Motion for the Court to Order

Plaintiff's Motion appears to be a discovery request.  The Court will deny it as premature.  If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A.  If the Court determines an answer is required, the Court will direct the Clerk of Court to send Plaintiff a service packet containing summonses and request for waiver forms for Plaintiff to complete and return to the Court.  If Plaintiff returns those forms to the Court, the Court will direct the United States Marshal to notify Defendants of the commencement of the action, request waiver of service of the summonses, and serve Defendants if they do not waive service.  After one or more Defendants have been served, the Court will issue a scheduling order setting discovery deadlines.  Until then, any discovery requests are premature and will be denied.

## VIII.   Motions to Add Documents

Plaintiff has filed an August 30 Motion to Add Three Documents, a September 4 Motion to Add Document, a September 5 Motion to Add Document, and a September 5 Motion to Add Three Documents.  The Court will deny as moot these Motions.

When Plaintiff files a pleading containing documents, the documents become part of the record in this action.  However, Plaintiff is advised that the Court is not a storage facility for Plaintiff's paperwork.  Plaintiff should keep exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

## IX.   Motion to Get an Injunction and Motion to Add Documents to Injunction Request

Both Plaintiff's Motion to Get an Injunction and Motion to Add Documents to Injunction Request contain the case number of this action and another action.  In *Kauffman*

*v. D.C.S.*, CV-23-08128-PCT-JAT (JZB), and *Kauffman v. Mohave County*, CV-23-08030-PCT-JAT (JZB), the Court advised Plaintiff that

> he **may not file a single pleading with more than one case number on it.** If Plaintiff wants the Court to take action in more than one case, he must file a separate original pleading with the appropriate case number **in each case**. **If Plaintiff fails to comply with this requirement in the future, the Court will strike the pleading and will take no action on it**.

*See* Doc. 18 in CV-23-08128 and Doc. 32 in CV-23-08030.

Thus, the Court will strike the Motion to Get an Injunction and the Motion to Add Documents to Injunction Request and will take no action on them.[2]

## X.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

---

[2] Even if the Court had considered the Motion to Get an Injunction, the Court would have denied it because the Court has dismissed the Complaint. An injunction is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claims.

**C.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **granted**.

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.62.

(3)      The Complaint (Doc. 1) is **dismissed** for failure to comply with Local Rule of Civil Procedure 3.4.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(5)      Plaintiff's Motions to Get Case Status (Docs. 4 and 8) are **granted** to the extent this Order provides Plaintiff with the status of this action.

(6)      Plaintiff's Motion to Move as a Class Action (Doc. 7) and Motion to Add More Plaintiffs (Doc. 12) are **denied**.

(7)      Plaintiff's Motions to Add Three Documents (Docs. 9 and 15), Motions to Add Document (Docs. 10 and 14), and Motion to Add More Defendants (Doc. 11) are **denied as moot**.

(8)      Plaintiff's "Motion for the Court to Order All Government Offices, Courts, and Corporations to Send All Documents to the Attorney in Fact" (Doc. 13) is **denied as premature**.

(9)      The Clerk of Court must **strike** Plaintiff's Motion to Get an Injunction (Doc. 16) and Motion to Add Documents to Injunction Request (Doc. 17).

1    (10)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

2    rights complaint by a prisoner.

3    Dated this 7th day of October, 2024.

James A. Teilborg
Senior United States District Judge

JDDL

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/23

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                               U.S. District Court Clerk
U.S. Courthouse, Suite 130                           U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10       405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
              Attorney for Defendant(s)

_____
(Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　(Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　(Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　(Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　(Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

　　a.  First prior lawsuit:
　　　　1.   Parties: _____ v. _____
　　　　2.   Court and case number: _____.
　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　_____.

　　b.  Second prior lawsuit:
　　　　1.   Parties: _____ v. _____
　　　　2.   Court and case number: _____.
　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　_____.

　　c.  Third prior lawsuit:
　　　　1.   Parties: _____ v. _____
　　　　2.   Court and case number: _____.
　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　_____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail        ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____

    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail            ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property         ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____

    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?           ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

    _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                          ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?                 ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                       SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.